### BENJAMIN v TOLEDO PLATE & WINDOW GLASS CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10912. Decided Oct 28, 1929

Samuel Doerfler, Cleveland, for Benjamin.

Cannon, Spieth, Taggart, Spring & Annat, Cleveland, for Glass Co.

SULLIVAN, J.

The question of law raised is that the contract between the parties was not fully completed at the time of the injury to the glass by the chemicals and that therefore the glass company is responsible and continued to be responsible until the completion of the contract and the full performance of every provision thereof.

It is our judgment that the contract was completed with respect to the item of the installation of the glass windows and that at the time thereof an inspection showed, unchallenged in the proof, that the windows were perfect and uninjured. Thus, as to this item at least, there was a full performance of the contract which in no manner was connected with the salvaging of the old glass, the furnishing of the electric lights or the washing of the windows.

A month after the installation, in the operation of washing the windows, the injuries were discovered and the causes of the same are conceded, and they are in no way related to any agency of the glass company, but directly attributable to agencies proceeding from the plaintiff in error.

If there was not a full and final performance as to the installation of the glass, then it might be said that the contract was not complete and the glass was not delivered to the plaintiff in error or in the condition, that under the contract it was to be, but the glass windows were installed, the installation was complete and there was nothing else to do concerning the windows excepting to wash the same and this operation was the joint enterprise, under credible evidence in the record, of the parties to this litigation, and this circumstance in our judgment, destroys the claim that the contract was not completed in the substantial and legal sense from which the glass company would retain responsibility for the delivery and installation of the glass itself.

However, there is another aspect which is derivable from the authorities that were cited by able counsel for plaintiff in error and that is that even though the contract was not completed, the injury to the glass was of such a nature that the mere washing of the same would have no effect thereon. In other words, it was impossible by the mere washing of the glass, which was the final element in the contract, to

restore the same to its original condition because the acid dropped by the foreign agency had eaten into the substance of the structure and thus could not be restored by the application of water. In other words, again, it was impossible in the washing to remedy the injury caused by the contractor, unconnected with the defendant in error, and consequently even though the contract was not completed until the washing of the windows, yet inasmuch as the defects in the windows were unwashable and the condition not attributable in any manner to the defendant in error, no blame or responsibility could be attached to the glass company.

This, we think, is in line with an authority cited by able counsel, to-wit, **London & Lancashire Indem. Co. vs Commissioners, 107 OS. 51.** A mere reading of the same we think is sufficient to show its applicability.

This same principle is laid down in 9th Corpus Juris 802.

We also think that the reasoning in **Board of Education vs. Townsend, 1 C. C. 674,** is in line with our views in this case.

Holding these views, the judgment of the lower court is hereby affirmed.

Vickery, PJ., and Levine, J., concur.